MEMORANDUM **
Joseph Smith appeals the district court’s dismissal of his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the denial of leave to amend for an abuse of discretion. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.
The district court did not abuse its discretion by dismissing the first amended complaint without granting leave to file a second amended complaint because the deficiencies in the first amended complaint cannot be cured by amendment. Id. At most, Smith states a negligence claim against the surgeon, which does not rise to the level of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004).
Nor can Smith amend to state a claim against the prison doctors. Smith only alleges a difference of opinion regarding treatment, not deliberate indifference. Toguchi, 391 F.3d at 1059-60. Moreover, the documents attached to Smith’s complaints contradict any conclusory allegations that the prison doctors refused to provide or delayed treatment. Wilhelm v. *678 Rotman, 680 F.3d 1113, 1116 n. 1 (9th Cir.2012) (exhibits attached to the complaint may be considered to decide whether dismissal is proper); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (conelusory allegations not supported by factual allegations do not state a plausible claim).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.